**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| HUNTON & WILLIAMS LLP, )<br>951 East Byrd Street, East Tower )<br>Richmond, VA  23219 )<br>                                                                    )<br>              Plaintiff,                               )<br>                                                                    )<br>       v.                                                      )<br>                                                                    )<br>U.S.  ENVIRONMENTAL PROTECTION )<br>AGENCY                                             )<br>1200 Pennsylvania Avenue, N.W.       )<br>Washington, DC 20460                         )<br>                                                                    )<br>              Defendant.                           ) | Civil Action No: _____ |

**COMPLAINT**

Plaintiff Hunton & Williams LLP brings this action against Defendant United States Environmental Protection Agency to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 (FOIA).  Plaintiff alleges as follows:

**Jurisdiction and Venue**

1.The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

**Parties**

3.Plaintiff Hunton & Williams LLP is a limited liability law firm.  Its principal place of business is in Richmond, Virginia.

4. Defendant United States Environmental Protection Agency (EPA) is an agency of the United States Government and has possession, custody, and control of the documents Plaintiff seeks. EPA is an "agency" within the meaning of 5 U.S.C. § 552(f).

## Background

I. **The Redwood City Saltworks Project**

5. DMB Redwood City Saltworks (Saltworks), a venture whose principals are DMB Pacific Ventures, LLC, and Westpoint Slough, LLC, an affiliate of Cargill, Incorporated, intends to redevelop a 1,365-acre industrial site in Redwood City, California that is currently an active salt plant (Salt Plant) owned by Cargill Point, LLC, an affiliate of Cargill, Incorporated. Plaintiff represents Saltworks.

6. The Salt Plant site (the Site) is a salt harvesting facility that contains salts and highly concentrated brines used in the salt making process. Some citizen groups have asserted that some or all of the Salt Plant's site facilities qualify as either "waters of the United States" under the Clean Water Act (CWA), or "navigable waters of the United States" under the federal Rivers and Harbors Act (RHA).

7. Saltworks needs to know whether or to what extent the federal Government considers its Salt Plant facilities to be jurisdictional under either the RHA or CWA. The extent of federal jurisdiction will dictate whether Saltworks must apply for permits under the CWA and RHA before redeveloping the Site.

II. **Saltworks' Request for an Approved Jurisdictional Determination Under the CWA and RHA**

8. In or around 2006, Saltworks began discussions with the U.S. Army Corps of Engineers (Corps) and EPA (collectively, the Agencies) regarding potential future uses of this industrial facility, including both potential development and restoration activities. The

discussions also included the question of the presence or absence of CWA or RHA jurisdiction. Those discussions continued via in-person meetings, written correspondence, and telephone calls through the present day.

9. On May 29, 2012, Saltworks requested an Approved Jurisdictional Determination (AJD) from the Agencies. The AJD would tell Saltworks whether or to what extent the federal government considers the Site to be jurisdictional under federal law. While the Corps administers the CWA section 404 and RHA section 10 regulatory programs and issues the majority of AJDs, EPA shares authority with the Corps under the CWA.

10. In the interest of efficiency and recognizing EPA's historic involvement with and understanding of the Site, Saltworks requested that EPA issue the CWA portion of the AJD. The Corps has exclusive jurisdiction under the law for the RHA portion, and so Saltworks requested it issue the RHA portion of the AJD.

11. But a few months later, after many requests for a response by Saltworks, EPA told Saltworks that its request for an AJD would "proceed normally," with the Corps making the determination regarding both the RHA and CWA portions, but that EPA would remain engaged, specifically noting: "we are committed to providing timely input to the Corps that does not add additional time to the Corps' decision process." *See* Ex. A, Email from J. Brush to D. Smith (Oct. 30, 2012).

12. Under the normal process, the Corps is supposed to issue final AJDs within 60 days of receiving a request. *See* Corps Regulatory Guidance Letter 08-02 (June 26, 2008), *available at* http://www.usace.army.mil/Portals/2/docs/civilworks/RGLS/rgl08-02.pdf.

13. But the process has been anything but normal for Saltworks' request. The Corps only recently issued its AJD under the RHA, almost three years since the original request by Saltworks in 2012, finding that only a small portion of the Salt Plant is regulated under the RHA.

But the request for an AJD under the CWA remains pending and now resides with EPA for a "special case" determination under a seldom-used provision of the CWA.

14.    From 2012 to 2014, Corps Headquarters (Corps HQ), the Corps San Francisco District, the Corps South Pacific Division, and EPA held numerous meetings to discuss Saltworks' AJD request.

15.    By 2014, the Corps was on the verge of issuing an AJD that would find that none of the Site was subject to CWA jurisdiction.  In January 2014, Corps HQ sent to the San Francisco District a memo entitled, "Legal Principles to Guide the Approved Jurisdictional Determination for the Redwood City Salt Plant," Ex. B, and supplemented that memo in March 2014, Ex. C (collectively Corps Legal Memoranda).  Both the original and the supplement were transmitted with a cover memo from Steven Stockton, Director of Civil Works, instructing the San Francisco District to "apply the attached guidance and finalize the approved jurisdictional determinations" for the Salt Plant.

16.    In late March 2014, the San Francisco District of the Corps transmitted the Corps Legal Memoranda to EPA.

17.    Upon information and belief, the Corps Legal Memoranda were distributed throughout EPA almost immediately, at both the Headquarters level and locally at Region IX.

18.    The Corps eventually informed Saltworks that it would issue a final AJD under the RHA and CWA on May 16, 2014.

**III.    EPA Intervenes, Exercising Seldom-Used Authority to Treat Saltworks' Request as a "Special Case"**

19.    Under a 1989 Memorandum of Agreement (MOA) between the Army and EPA concerning the determination of jurisdiction under CWA section 404, in certain limited circumstances EPA headquarters can make the decision to take a final CWA AJD decision away

from the Corps and assume responsibility for it itself. Under the governing MOA, EPA's decision must come from the EPA Administrator and be made within ten days of a request from the relevant EPA region. EPA's use of this special case authority is extremely rare.

20. On May 14, 2014, EPA Region 9 asked EPA HQ to exercise this authority with respect to Saltworks' request, notwithstanding its original decision to leave the matter to the Corps. Jared Blumenfeld, EPA Region 9 Administrator, sent a request to Nancy Stoner, acting Assistant Administrator for Water at EPA Headquarters, seeking approval to exercise EPA's "special case" authority "so that EPA can make the final jurisdictional determination."

21. On or around May 15, 2014, Lt. Col. John Baker, District Engineer for the Corps San Francisco District, was directed by the office of Jo-Ellen Darcy, Assistant Secretary of the Army (ASA) (Civil Works), not to release the AJD for the Salt Plant. The Corps District was told that the Assistant Secretary's Office would be conducting an unprecedented legal and policy review of the AJD that originally was scheduled to issue the next day.

22. Saltworks requested a meeting with ASA Darcy to understand the process and parameters of the Army's legal and policy review, but that request was denied. Saltworks does not know why ASA Darcy intervened at the last moment to review the AJD, or what the "legal and policy review" entailed.

23. The ten-day period for EPA to exercise its "special case" authority under the MOA expired in late May 2014. EPA HQ stated that it "deferred" a decision on the special case request given the review by ASA Darcy's office. *See* Ex. D, Letter from Nancy Stoner to Jared Blumenfeld (May 30, 2014).

24. In early November 2014, after nearly six months of review, ASA Darcy's office concluded its legal and policy review of the AJD and sent the matter back to Corps HQ to make a final determination.

25. Corps HQ reached its decision over four months later. On information and belief, Corps HQ concluded that a portion of the Site was subject to the RHA, but that none of the property was subject to the CWA.

26. After being informed by the Corps HQ of its proposed decision, EPA HQ elected to approve Region 9's request that EPA utilize its special case authority to take responsibility for the jurisdictional determination under the CWA and issue the determination as a special case.

27. EPA had no authority to take over the Corps determination of jurisdiction under the RHA, so on March 19, 2015, Corps issued its AJD under the RHA concluding only a small portion of the Site was subject to RHA jurisdiction.

## IV. Plaintiff's FOIA Requests Seeking Information About the Agencies' Departure From the Normal AJD Process

28. Since May 2014, Plaintiff has served EPA a series of requests under FOIA to learn more about the agencies' departure from the normal AJD process and why Saltworks still has not yet received a decision on the applicability of the CWA to the Site.

### A. The May 30, 2014 FOIA Request

29. On May 30, 2014, Plaintiff submitted a FOIA request to EPA, a copy of which is attached hereto as Exhibit E, seeking the following information:

> Any and all documents related to the DMB Redwood City Salt Plant (also known as DMB Redwood City Saltworks project, Redwood City Saltworks project site, Redwood City salt production facilities, or Cargill operations in Redwood City) since January 1, 2014.
>
> Any and all communications between EPA (all offices) and other parties, including but not limited to the Corps (all offices), the Department of the Army (all offices, including the Office of the Assistant Secretary of the Army for Civil Works), Congress (members and staff), other Executive Branch employees, and non-government third parties, related to the DMB Redwood City Salt Plant (also known as DMB Redwood City Saltworks project, Redwood City Saltworks project site, Redwood City salt

> production facilities, or Cargill operations in Redwood City) since January 1, 2014.
>
> Any request (other than this letter) from any entity or person for any documents relating to the DMB Redwood City Salt Plant (also known as DMB Redwood City Saltworks project, Redwood City Saltworks project site, Redwood City salt production facilities, or Cargill operations in Redwood City) received on or after January 1, 2014, and all documents, communications, and records relating to such a request, including any response by EPA to that request.

30. Between June 30, 2014, and August 14, 2014, EPA provided two interim responses to the May 30, 2014 FOIA Request and produced documents on the FOIA website.

31. On August 14, 2014, EPA issued its final decision partially granting and partially denying the FOIA request and purported to complete its production of documents by posting documents on the FOIA website. A copy of the final decision is attached as Exhibit F.

32. In connection with its final decision, EPA indicated that it had withheld from production more than 235 documents, purportedly because those documents qualified for one or more FOIA exemptions. EPA did not provide an itemized list of each document withheld and the basis for withholding, which would have allowed Plaintiff to properly scrutinize EPA's claimed exemptions. Instead, EPA provided a chart setting forth categories of documents it had withheld. A copy of that chart is attached as Exhibit G.

33. On information and belief, EPA did not produce all documents within its possession, custody or control that were responsive to Plaintiff's May 30, 2014 FOIA request and not subject to any applicable FOIA exemption.

34. On information and belief, documents withheld by EPA in responding to Plaintiff's May 30, 2014 FOIA request are not exempt from FOIA.

35. On September 10, 2014, Plaintiff filed its administrative appeal.

36. The deadline for EPA to respond to Plaintiff's administrative appeal was October 9, 2014, but EPA has issued no response.

37. Plaintiff has exhausted all administrative remedies with respect to its May 30, 2014 FOIA request to EPA.

**B.     The August 19, 2014 FOIA Request**

38. On August 19, 2014, Plaintiff submitted a FOIA request to EPA, a copy of which is attached hereto as Exhibit H, seeking documents relating to the Site created or obtained by EPA after May 30, 2014. The request sought:

> Any and all documents related to the DMB Redwood City Salt Plant (also known as DMB Redwood City Saltworks project, Redwood City Saltworks project site, Redwood City salt production facilities, or Cargill operations in Redwood City) since May 30, 2014.
>
> Any and all communications between EPA (all offices) and other parties, including but not limited to the Corps (all offices), the Department of the Army (all offices, including the Office of the Assistant Secretary of the Army for Civil Works), Congress (members and staff), other Executive Branch employees, and non-government third parties, related to the DMB Redwood City Salt Plant (also known as DMB Redwood City Saltworks project, Redwood City Saltworks project site, Redwood City salt production facilities, or Cargill operations in Redwood City) since May 30, 2014.
>
> Any request (other than this letter) from any entity or person for any documents relating to the DMB Redwood City Salt Plant (also known as DMB Redwood City Saltworks project, Redwood City Saltworks project site, Redwood City salt production facilities, or Cargill operations in Redwood City) received on or after May 30, 2014, and all documents, communications, and records relating to such a request, including any response by EPA to that request.

39. On September 18, 2014, EPA provided an interim production of documents and requested a 30-day extension (until October 17, 2014) to produce the remainder of the documents responsive to the request. Plaintiff granted the requested extension.

40. On October 30, 2014, EPA issued its final decision partially granting and partially denying the August 19, 2014 FOIA request and purported to complete its production of documents by posting them on the FOIA website. A copy of the final decision is attached as Exhibit I.

41. In connection with its final decision, EPA indicated that it had withheld from production approximately 370 documents, purportedly because those documents qualified for one or more FOIA exemptions. EPA did not provide an itemized list of each document withheld and the basis for withholding, which would have allowed Plaintiff to properly scrutinize EPA's claimed exemptions. Instead, EPA provided a chart setting forth categories of documents it had withheld. A copy of that chart is attached as Exhibit J.

42. On information and belief, EPA did not produce all documents within its possession, custody or control that were responsive to Plaintiff's August 19, 2014, request and not subject to any applicable FOIA exemption.

43. On information and belief, documents withheld by EPA in responding to Plaintiff's August 19, 2014, FOIA request are not exempt from FOIA.

44. On or about November 24, 2014, Plaintiff filed its administrative appeal.

45. The deadline for EPA to respond to Plaintiff's administrative appeal was December 24, 2014, but EPA has issued no response.

46. Plaintiff has exhausted all administrative remedies with respect to its August 19, 2014 FOIA request to EPA.

**C.    The March 19, 2015 FOIA Request**

47. On March 19, 2015, Plaintiff submitted a FOIA request to EPA, a copy of which is attached hereto as Exhibit K, seeking documents relating to the Site created or obtained by EPA after August 19, 2014. The request sought:

9

> Any and all documents related to the DMB Redwood City Salt Plant (also known as DMB Redwood City Saltworks project, Redwood City Saltworks project site, Redwood City salt production facilities, or Cargill operations in Redwood City) since August 19, 2014.
>
> Any and all communications between EPA (all offices) and other parties, including but not limited to the Corps (all offices), the Department of the Army (all offices, including the Office of the Assistant Secretary of the Army for Civil Works), Congress (members and staff), other Executive Branch employees, and non-government third parties, related to the DMB Redwood City Salt Plant (also known as DMB Redwood City Saltworks project, Redwood City Saltworks project site, Redwood City salt production facilities, or Cargill operations in Redwood City) since August 19, 2014.
>
> Any request (other than this letter) from any entity or person for any documents relating to the DMB Redwood City Salt Plant (also known as DMB Redwood City Saltworks project, Redwood City Saltworks project site, Redwood City salt production facilities, or Cargill operations in Redwood City) received on or after August 19, 2014, and all documents, communications, and records relating to such a request, including any response by EPA to that request.

48. On June 12, 2015, EPA issued its final decision partially granting and partially denying the March 19, 2015 FOIA request and purported to complete its production of documents by posting them on the FOIA website, although EPA also indicated that "[a]dditional documents may be uploaded onto FOIA Online at a later date by EPA Headquarters pursuant to EPA Region 9's reassignment of your FOIA request to EPA Headquarters."  To date, no additional documents have been posted to the website.  A copy of the final decision is attached as Exhibit L.

49. In connection with its final decision, EPA indicated that it had withheld from production approximately 115 documents, purportedly because those documents qualified for one or more FOIA exemptions.  EPA did not provide an itemized list of each document withheld and the basis for withholding, which would have allowed Plaintiff to properly scrutinize EPA's

claimed exemptions.  Instead, EPA provided a chart setting forth categories of documents it had withheld.  A copy of that chart is attached as Exhibit M.

50. On or about July 9, 2015, Plaintiff filed its administrative appeal.

**D.     The March 23, 2015 FOIA Request**

51. On or about March 23, 2015, Plaintiff submitted a FOIA request to EPA, a copy of which is attached as Exhibit N, seeking "the Corps [of Engineers'] 'final' CWA JD (with attachments) and/or final' combined RHA and CWA JD (with attachments) for Redwood City Saltworks."

52. On or about April 23, 2015, EPA issued a "response letter" denying the FOIA request.  In its response letter, EPA asserted that the requested document was "exempt from mandatory disclosure by virtue of 5 U.S.C. § 552(b)(5)(deliberative process privilege)." A copy of the final decision is attached as Exhibit O.

53. On information and belief, documents withheld by EPA in responding to Plaintiff's March 23, 2014, FOIA request are not exempt from FOIA.

54. On or about May 22, 2015, Plaintiff filed its administrative appeal.

55. On or about July 13, 2015, the EPA Office of General Counsel affirmed the denial of Plaintiff's March 23, 2014 request and denied Plaintiff's administrative appeal.

56. Plaintiff has exhausted all administrative remedies with respect to its March 23, 2015 FOIA request to EPA.

<u>**Count I**</u>
**(Violation of the Freedom of Information Act for
Wrongful Withholding of Agency Records
Responsive to May 30, 2014, FOIA Request)**

57. Plaintiff repeats and realleges paragraphs 1 through 56.

11

58. Defendant is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

59. Defendant has failed to timely and adequately respond to Plaintiff's appeal of the agency decision in accordance with 5 U.S.C. § 552(a)(6)(A)(i).

### Count II
### (Violation of the Freedom of Information Act for Wrongful Withholding of Agency Records Responsive to August 19, 2014, FOIA Request)

60. Plaintiff repeats and realleges paragraphs 1 through 56.

61. Defendant is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

62. Defendant has failed to timely and adequately respond to Plaintiff's appeal of the agency decision in accordance with 5 U.S.C. § 552(a)(6)(A)(i).

### Count III
### (Violation of the Freedom of Information Act for Wrongful Withholding of Agency Records Responsive to March 23, 2015, FOIA Request)

63. Plaintiff repeats and realleges paragraphs 1 through 56.

64. Defendant is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

65. Defendant has asserted improper exemptions to withhold responsive documents.

### Requested Relief

WHEREFORE, Plaintiff, by counsel, respectfully requests the Court enter judgment against Defendant and issue an Order as follows:

      a.      Ordering Defendant to conduct a search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to discovery of records responsive to the request;

      b.      Ordering Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption;

      c.      Enjoining Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request;

      d.      Awarding Plaintiff reasonable attorneys' fees and other costs reasonably incurred in bringing this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

      e.      Granting such other relief as the Court deems just and proper.

July 24, 2015

Respectfully Submitted,

HUNTON & WILLIAMS LLP

By: /s/ Deidre G. Duncan

Deidre G. Duncan (D.C. Bar No. 461548)
HUNTON & WILLIAMS LLP
2200 Pennsylvania Ave NW
Washington, DC 20037
(202) 955-1500
dduncan@hunton.com

George P. Sibley, III (Admission Pending)
John E. Beerbower (Admission Pending)
HUNTON & WILLIAMS LLP
951 East Byrd St., East Tower
Richmond, VA  23219
(804) 788-8200
gsibley@hunton.com
jbeerbower@hunton.com

*Counsel for Plaintiff*